## LA PAGE v. FORBES.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

DAMAGES (§ 159*)—BREACH OF CONTRACT—SPECIAL DAMAGES.

A complaint, in an action for breach of contract whereby defendant employed plaintiff to draw milk to a factory, which alleges the contract and breach, and that, relying thereon, plaintiff prepared to carry on the work, and was by reason thereof obliged to pay for help employed $225, alleges special damages; and plaintiff, showing that, when defendant sought to employ him for the work, he replied that if he could make arrangements with his sons to do the work he would take the contract, may prove the arrangements made with the sons, and what he was to pay them, as bearing on the special damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–453; Dec. Dig. § 159.*]

Appeal from Trial Term, Franklin County.

Action by Joseph La Page against Elbert O. Forbes. From a judgment granting insufficient relief, and from an order denying a motion for new trial on the minutes, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Moore & Berry, of Malone (R. M. Moore, of Malone, of counsel), for appellant.

George J. Moore, of Malone, for respondent.

JOHN M. KELLOGG, J. The jury has found that the plaintiff employed the defendant to draw milk to the factory for the season at a compensation of $225, and that the defendant broke the contract, and it has awarded the plaintiff $25 damages therefor. The complaint alleged the contract, and its breach, and "that, relying upon said agreement, this plaintiff hired help and made all necessary preparations to carry on said work, and has been, by reason thereof, obliged to pay,

lay out, and expend for such help, in board and moneys, the sum of $225," and it asks judgment for that sum, alleging no other damage.

The plaintiff's evidence showed that the defendant sought to employ him to draw the milk, and he replied that if he could make arrangements with his sons to draw it he would take the contract. He was to go home, see the sons, and notify the defendant whether he would undertake the job. He saw the sons, and returned and told the defendant he would draw the milk as agreed. He then offered to prove the arrangement that he made with the sons and what he was to pay them, which was excluded, and the plaintiff excepted. The court charged the jury that no special damages were alleged, and that it could only award the plaintiff the damages shown. He then asked the court to charge that the evidence is undisputed that the plaintiff did get his sons, and did make an arrangement with them, and did himself carry it out, so that he would be damaged in the full amount.

The Court:

"I cannot charge that he would be damaged in the full amount, for there is no proof in the case at all as to what expense he went to with anything that he had done. No special damages are claimed. The fact is simply there that, if the contract was made, he was not allowed to carry it out. Whatever loss he suffered by reason of that, not to exceed $225, they may allow."

If the plaintiff, as alleged, agreed to pay his sons $225 for doing this work, being the entire amount to be paid by the defendant, and if he was compelled to pay that sum, there was a special damage, which, under the complaint, he was entitled to recover. I think the court was in error in saying that no special damage was alleged. It is evident that the rulings of the court prevented the plaintiff from further efforts to prove the special damage claimed. No other damage was alleged or proved.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.